UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:08-cv-1570-OWW-SMS |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| v. | ) | DENY PLAINTIFF'S MOTION FOR |
| | ) | DEFAULT JUDGMENT (DOC. 21) |
| Approximately $20,000.00 in U.S. Currency, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff is proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 72-302(c)(19).

I. Background

In the complaint filed on October 17, 2008, it is alleged that this Court has jurisdiction over this action to forfeit currency pursuant to 21 U.S.C. § 881(a)(6), which authorizes forfeiture of money furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all money used or intended to be used to facilitate other controlled substance violations. (Cmplt. p. 1.)

1

Plaintiff filed an ex parte application for default judgment and memorandum of points and authorities on April 21, 2009. The motion came on regularly for hearing on May 22, 2009, at 9:30 a.m. in Courtroom 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge. Assistant U.S. Attorney Deanna Martinez appeared on behalf of Plaintiff, and there were no other appearances. The Court had reviewed the motion and all supporting papers. After argument, the Court ordered additional submissions, and a supplemental brief was filed on June 19, 2009. Thereafter, the matter was submitted to the Court.

II. <u>Default Judgment</u>

A court has the discretion to enter a default judgment against one who is not an infant, incompetent, or member of the armed services where the claim is for an amount that is not certain on the face of the claim and where (1) the defendant has been served with the claim; (2) the defendant's default has been entered for failure to appear; (3) if the defendant has appeared in the action, the defendant has been served with written notice of the application for judgment at least three days before the hearing on the application; and, (4) the court has undertaken any necessary and proper investigation or hearing in order to enter judgment or carry it into effect. Fed. R. Civ. P. 55(b); <u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1392 (9th Cir. 1988). Factors that may be considered by courts in exercising discretion as to the entry of a default judgment and as to setting aside a default include the nature and extent of the delay, <u>Draper v. Coombs</u>, 792 F.2d 915, 924-925 (9th Cir. 1986); the possibility of prejudice to the plaintiff, <u>Eitel v.</u>

2

1  McCool, 782 F.2d 1470, 1471-72 (9th Cir.1986); the merits of
2  plaintiff's substantive claim, id.; the sufficiency of the
3  allegations in the complaint to support judgment, Alan Neuman
4  Productions, Inc., 862 F.2d at 1392; the amount in controversy,
5  Eitel v. McCool, 782 F.2d at 1471-1472; the possibility of a
6  dispute concerning material facts, id.; whether the default was
7  due to excusable neglect, id.; and, the strong policy underlying
8  the Federal Rules of Civil Procedure that favors decisions on the
9  merits, id.

With respect to default judgments in proceedings that are in rem actions for forfeiture, both the general Federal Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty and Maritime Claims (Supp. R.) apply, but the latter rules prevail if there is an inconsistency. Supp. R. A(1). Supp. R. G(1) provides that the rule governs a forfeiture action in rem arising from a federal statute; to the extent that Rule G does not address an issue, Supp. Rules C and E also apply.

III. Notice

A. Legal Standards

The provisions of Rule G(4) with respect to notice are as follows:

(4) Notice.

(a) Notice by Publication.

(i) When Publication Is Required. A judgment of forfeiture may be entered only if the government has published notice of the action within a reasonable time after filing the complaint or at a time the court orders. But notice need not be published if:
    (A) the defendant property is worth less than $1,000 and direct notice is sent under Rule G(4)(b) to every person the government can reasonably identify as a potential claimant; or
    (B) the court finds that the cost of publication exceeds the property's value and that other means of

3

1   notice would satisfy due process.

2   (ii) Content of the Notice. Unless the court orders otherwise, the notice must:
3         (A) describe the property with reasonable particularity;
4         (B) state the times under Rule G(5) to file a claim and to answer; and
5         (C) name the government attorney to be served with the claim and answer.

6

7   (iii) Frequency of Publication. Published notice must appear:
        (A) once a week for three consecutive weeks; or
8         (B) only once if, before the action was filed, notice of nonjudicial forfeiture of the same property
9   was published on an official internet government forfeiture site for at least 30 consecutive days,
10  or in a newspaper of general circulation for three consecutive weeks in a district where publication is
11  authorized under Rule G(4)(a)(iv).

12  (iv) Means of Publication. The government should select from the following options a means of publication
13  reasonably calculated to notify potential claimants of the action:
14        (A) if the property is in the United States, publication in a newspaper generally circulated in the
15  district where the action is filed, where the property was seized, or where property that was not seized is
16  located;
        (B) if the property is outside the United States,
17  publication in a newspaper generally circulated in a district where the action is filed, in a newspaper
18  generally circulated in the country where the property is located, or in legal notices published and generally
19  circulated in the country where the property is located; or
20        (C) instead of (A) or (B), posting a notice on an official internet government forfeiture site for at
21  least 30 consecutive days.

22  (b) Notice to Known Potential Claimants.

23  (i) Direct Notice Required. The government must send notice of the action and a copy of the complaint to any
24  person who reasonably appears to be a potential claimant on the facts known to the government before the end of
25  the time for filing a claim under Rule G(5)(a)(ii)(B).

26  (ii) Content of the Notice. The notice must state:
        (A) the date when the notice is sent;
27        (B) a deadline for filing a claim, at least 35 days after the notice is sent;
28        (C) that an answer or a motion under Rule 12

4

```
            must be filed no later than 20 days after filing
            the claim; and
                 (D) the name of the government attorney to be
            served with the claim and answer.

            (iii) Sending Notice.
                 (A) The notice must be sent by means reasonably
            calculated to reach the potential claimant.
                 (B) Notice may be sent to the potential claimant
            or to the attorney representing the potential claimant
            with respect to the seizure of the property or
            in a related investigation, administrative forfeiture
            proceeding, or criminal case.
                 (C) Notice sent to a potential claimant who is
            incarcerated must be sent to the place of incarceration.
                 (D) Notice to a person arrested in connection with
            an offense giving rise to the forfeiture who is not
            incarcerated when notice is sent may be sent to
            the address that person last gave to the agency
            that arrested or released the person.
                 (E) Notice to a person from whom the property
            was seized who is not incarcerated when notice is sent
            may be sent to the last address that person gave to
            the agency that seized the property.

            (iv) When Notice Is Sent. Notice by the following means
            is sent on the date when it is placed in the mail,
            delivered to a commercial carrier, or sent by
            electronic mail.
            (v) Actual Notice. A potential claimant who had
            actual notice of a forfeiture action may not oppose
            or seek relief from forfeiture because of the government's
            failure to send the required notice.
```

Supp. R. G(4).

In addition, Local Rule A-540(a) requires that a party seeking a default judgment in an action in rem shall show to the satisfaction of the Court that due notice of the action and arrest of the property has been given by publication pursuant to Local Rule A-530, and by personal service on the person having custody of the property or on the person having custody prior to its possession by a law enforcement agency or officer, and by personal service or by certified mail, return receipt requested, to every other person who has not appeared in the action and is known to have an interest in the property; provided that failure

5

to give actual notice to such other person may be excused upon a satisfactory showing of diligent efforts to give such notice without success.

Here, pursuant to a warrant of arrest, the Defendant currencies were arrested on or about November 3, 2008. (Docs. 4, 6-7.)

### B. Publication

Plaintiff's evidence of publication is a declaration of publication (Doc. 9) filed on December 1, 2008, in which paralegal Elisa M. Rodriguez states the following:

> Notice of Civil Forfeiture was posted on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning on October 30, 2008, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty of Maritime Claims and Asset Forfeiture Actions, as evidenced by Attachment 1.
>
> I declare under penalty of perjury that the foregoing is true and correct. Executed on December 1, 2008, at Fresno, CA.

(Doc. 9.) Attached to this declaration is a single page headed "Attachment 1," which contains the information required with respect to notice of forfeiture by the applicable rule. The source from which Attachment 1 was obtained or by which it was generated is not specifically identified. There follows a second page headed "Advertisement Certification Report," which states that the "Notice of Publication," an item not otherwise identified, was available on the web site for at least 18 hours per day between October 30, 2008 and November 28, 2008. Then it states that below is a summary report that identifies the uptime for each day within the thirty-day period and reports the results of the web monitoring system's daily check that verifies that the

6

advertisement was available each day. After the charted information, it is stated that additional log information is available and kept in the archives for fifteen years after the asset has been "disposed." (Doc. 9, pp. 2-3.)

The other evidence offered regarding publication includes three declarations of Rodriguez filed in connection with the Plaintiff's requests for entry of default against Mario Chavez Cabrera, Rafael C. Rivera, and Peter Halamandaris (Docs. 10, 11, 17.) Rodriguez states in each that notice of the action was published, but the jurat of each is that the "foregoing is correct to the best of my knowledge," and thus the purported declarations of Rodriguez do not substantially comply with 28 U.S.C. § 1746, which requires that a declaration must be made under penalty of perjury and must be attested to be true. Cobell v. Norton, 310 F.Supp.2d 77, 84 (D.D.C. 2004) (statement of truth based on "knowledge, information, and belief" insufficient); Kersting v. United States, 865 F.Supp. 669, 776-77 (D. Hawaii 1994) (necessary elements are that the unsworn declaration contains the phrase "under penalty of perjury" and states that the document is true).

Thus, the only evidence of publication is the declaration of publication, Doc. 9.

Fed. R. Evid. 901 provides:

(a) The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what is proponent claims.
(b) By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:
. . .
(7) Evidence that a writing authorized by

7

> law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept.
> . . .
> (10) Any method of authentication or identification provided by Act of Congress or by other rules prescribed by the Supreme Court pursuant to statutory authority.

The Advisory Committee notes on the 1972 proposed rules indicate that public records are regularly authenticated by proof of custody, without more; this principle is extended to data stored in computers and similar methods, and there is a citation of Cal. Evid. Code §§ 1532, 1600. It further indicates with respect to example 10 that Fed. R. Civ. P. 44 applies.[1]

Fed. R. Evid. 902 concerns self-authentication; it provides that extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to various sealed and certified documents, as well as the following:

> (5) Books, pamphlets, or other publications purporting to be issued by public authority.

It has been held that records from government web sites are self-authenticating under this provision. Hispanic Broadcasting Corp. v. Educational Media, 2003 WL 22867633, *5 n. 5 (C.D.Cal. 2003). Indeed, complete copies of pertinent sections of the website of the Secretary of State have been held to be authenticated under Rule 902(5) with apparently nothing more than the copies themselves being admitted. Paralyzed Veterans of America v. McPherson, 2008 WL 4183981, *7 (N.D.Cal. 2008) (citing numerous authorities, and further citing Lorraine v. Markel Am. Ins. Co.,

---

[1] Fed. R. Civ. P. 44 concerns the means of proving an official record, and it provides with respect to domestic records that either an official publication of the record, or a copy attested by the officer with legal custody, accompanied by a certification of custody and a specified seal, is evidence of an otherwise admissible record.

8

241 F.R.D. 534, 541 (D.Md. 2007) for the proposition that when combined with the public records exception to the hearsay rule, Fed. R. Evid. 803(8), the two rules render admissible publications posted on government agency web sites).

In the present case, Rodriguez does not purport to have personal knowledge concerning the posting or publication. Her assertion that notice was posted as required by the rules is a legal conclusion, and Rodriguez's expertise in that respect has not been established. The government has not provided an actual description of the document that Plaintiff asserts proves publication, or identification of the source of the document, or of any of the circumstances surrounding the production or publication of the document, such as who took the document from what source, or when. Reference to the report itself does not indicate who is making the report of publication; there is no heading, set of references, signature, or other evidence of or attribution.

At the hearing on the motion the Court solicited an amended declaration to set forth basic, foundational facts concerning the document, such as explaining what the document was, where it was taken from, by whom, and when. However, no evidence connecting the document to the website was submitted; Plaintiff submitted a supplemental brief that asserted facts but was not supported by a declaration. Although it might be that the documents attached to Rodriguez's declaration are from the official website, the evidence is not sufficient to support such a finding.

Accordingly, the Court concludes that Plaintiff has not authenticated the documents that it alleges prove that there was

publication of the notice of forfeiture.

Further, because the status of the documents is not clear, the Court cannot consider whether Fed. R. Evid. 803(8) would apply to obviate any hearsay problems if the advertisement certification report were found to contain any hearsay.

The Court concludes that Plaintiff has failed to prove the required publication.

### C. Other Notice

The Marshal's certifications establish that Rafael C. Rivera and Mario Chavez Carbrera were personally served on November 13, 2008.

Four attempts at personal service were made with respect to Peter Halamandaris, and an ineffectual attempt at substituted service was also made. Thereafter, Halamandaris received actual notice by receiving the requisite documents papers by certified mail on or about January 13, 2009. (Decl. of Elisa Rodriguez in support of request to clerk for entry of default against Peter Halamandaris, ¶7, Ex. C.) The complaint reveals that although a cashier's check from Halamandaris was given to a confidential source for cocaine, the check was in the custody of Rivera, who gave it to the confidential source in the presence of Cabrera; Halamandaris was not present. Therefore, pursuant to Local Rule A-540(a)(4), notice to Halamandaris by certified mail, return receipt requested, was sufficient.

Accordingly, it appears that the three individuals received actual notice of the proceeding.

However, there was no proof of publication.

Supp. Rule G expressly provides that a judgment of

forfeiture may be entered only if the government has published notice of the action within a reasonable time after filing the complaint or at a time the court orders. Because there is no proof of publication, the government has not demonstrated that it is entitled to default judgment.

### IV. Sufficiency of the Complaint

For the sake of complete analysis, the Court will continue its consideration of Plaintiff's application.

Title 21 U.S.C. § 881(a)(6) provides for the forfeiture of all money, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the subchapter, all proceeds traceable to such an exchange, and all money, negotiable instruments, and securities used or intended to be used to facilitate any violation of the subchapter.

Title 21 U.S.C. § 881(b) provides that any property subject to forfeiture under the section may be seized by the Attorney General in the manner set forth in 18 U.S.C. § 981(b).

Supp. R. G(2) states the following with respect to a complaint in an action in rem arising from a federal statute:

> (2) Complaint. The complaint must:
> (a) be verified;
> (b) state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue;
> (c) describe the property with reasonable particularity;
> (d) if the property is tangible, state its location when any seizure occurred and -- if different -- its location when the action is filed;
> (e) identify the statute under which the forfeiture action is brought; and
> (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

1    Here, it was alleged in the complaint that the Defendant
2 property, consisting of specified sum of currency, constituted
3 money furnished or intended to be furnished by a person in
4 exchange for a controlled substance, proceeds traceable to such
5 an exchange, and/or money used or intended to be used to
6 facilitate other controlled substance violations pursuant to 21
7 U.S.C. § 841 et seq. (Id. ¶ 1.) It was further alleged that the
8 property was seized within the Eastern District of California on
9 June 24, 2008, in the course of an attempted purchase of cocaine
10 by Rivera and Cabrera. (Cmplt. ¶ 11.)

11    As to the allegations required by the statute under which
12 the action is brought, the Court concludes that sufficient facts
13 were alleged to support a reasonable belief that the Plaintiff
14 could establish that Defendant currencies are subject to
15 forfeiture under the preponderance of the evidence standard. 18
16 U.S.C. § 983(c)(1); see, Supp. R. G(2), Advisory Committee Note,
17 2006 Adoption (citing United States v. Mondragon, 313 F.3cd 862
18 (4th Cir. 2002), to the effect that Supp. R. G(2)(f) carries
19 forward the standard that the complaint must state sufficiently
20 detailed facts to support a reasonable belief that the government
21 will be able to meet its burden of proof at trial).

22    The complaint was verified. (Cmplt. p. 6.) The complaint
23 stated facts sufficient to demonstrate jurisdiction in this Court
24 pursuant to 28 U.S.C. § 1355 because it was alleged that the
25 Defendant currencies were subject to forfeiture pursuant to
26 federal statute; 28 U.S.C. § 1355(a) provides that district
27 courts shall have original jurisdiction of any action or
28 proceeding for the recovery or enforcement of any forfeiture

incurred under any Act of Congress; and § 1355(b) provides that a forfeiture action or proceeding may be brought in the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred, or any other district where venue is specifically provided for in § 1395 or any other statute. Section 1395(b) expressly provides that a civil proceeding for forfeiture of property may be prosecuted in any district where the property is found. Thus, grounds for jurisdiction and venue are stated.

Further, the property is described by amount as well as condition and location at the time of seizure; thus, the property and the property's location is sufficiently identified. Finally, the statute under which the forfeiture action is brought, namely, § 21 U.S.C. § 881(a)(6), is identified. With respect to the complaint, the formal requirements of Rule G(2) have been met.

Accordingly, with respect to the defendant currency, the operative complaint is legally sufficient to state a claim for forfeiture of the defendant property.

## V. Propriety of Default Judgment

The declarations submitted by Elisa Rodriguez establish that none of the persons with an interest in the defendant properties or potential claimants is an infant, incompetent, or member of the armed services. Further, although the time for filing a claim and/or answer has passed, no claim or answer in response to the complaint has ben filed by Peter Halamandaris, Rafael C. Rivera, or Mario Chavez Cabrera.

Although no other claimants have indicated any interest in these proceedings, very limited significance may be drawn from

this fact because of the absence of proof of publication. The nature of a proceeding in rem is to settle the title of the property with respect to all persons having an interest in the subject matter, and a judgment acts upon the thing itself binds the whole world upon the points the judgment decides whether the party appears or not. <u>Gelston v. Hoyt</u>, 16 U.S. 246, 312-13, 318 (1818). Here, because of the absence of proof of publication, there appears to be a defect with respect to notice of the proceeding to persons not known to have in interest in the subject matter. This raises a risk of mistake or excusable neglect on the part of a person or entity with a potential interest in the property or of a dispute as to a material fact essential to the government's case. Rule G(4)(A) expressly provides that a judgment of forfeiture may be entered only if there is publication.

Accordingly, the Court will recommend denial of the application for default judgment.

VI. <u>RECOMMENDATION</u>

Therefore, it is hereby RECOMMENDED that Plaintiff's motion for default judgment BE DENIED.

These findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **thirty (30) days** after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings

14

and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 29, 2009**            /s/ Sandra M. Snyder
                            UNITED STATES MAGISTRATE JUDGE