1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>   v.<br><br>Approximately $20,000.00 in<br>U.S. Currency, et al.,<br><br>            Defendants. | )  1:08-cv-1570-OWW-SMS<br>)<br>)  ORDER VACATING HEARING ON<br>)  PLAINTIFF'S RENEWED MOTION FOR<br>)  DEFAULT JUDGMENT AND DEEMING<br>)  MATTER SUBMITTED FOR DECISION<br>)  (DOC. 29)<br>)<br>)  **Vacated hearing date:**<br>)  **October 30, 2009**<br>)  **Time: 9:30 a.m.** |

FINDINGS AND RECOMMENDATIONS RE:
PLAINTIFF'S RENEWED MOTION FOR
DEFAULT JUDGMENT (DOC. 29)

     Plaintiff is proceeding with a civil action in this Court. Pending before the Court is Plaintiff's motion for default judgment, filed on August 14, 2009. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 72-302(c)(19).

     Plaintiff previously filed a motion for default judgment on April 21, 2009, and then withdrew the motion after the Court had fully considered the motion and had prepared and filed findings and recommendations to deny the motion. (Docs. 21, 25, 26.)

     I. <u>Vacating the Hearing on the Motion</u>

     Pursuant to Rule 78-230(h) of the Local Rules of Practice

1

1  for the United States District Court, Eastern District of
2  California, the Court finds that the Plaintiff's ex parte motion
3  for default judgment is a matter that may appropriately be
4  submitted upon the record and briefs, including the Plaintiffs'
5  motion, supporting memorandum of points and authorities, and
6  declaration of Elisa Rodriguez filed on August 14, 2009.

7      Accordingly, the hearing on the motion, presently set for
8  October 30, 2009, IS VACATED, and the motion IS DEEMED SUBMITTED
9  to the Court for decision.

10     II. Default Judgment

11     A court has the discretion to enter a default judgment
12 against one who is not an infant, incompetent, or member of the
13 armed services where the claim is for an amount that is not
14 certain on the face of the claim and where (1) the defendant has
15 been served with the claim; (2) the defendant's default has been
16 entered for failure to appear; (3) if the defendant has appeared
17 in the action, the defendant has been served with written notice
18 of the application for judgment at least three days before the
19 hearing on the application; and, (4) the court has undertaken any
20 necessary and proper investigation or hearing in order to enter
21 judgment or carry it into effect. Fed. R. Civ. P. 55(b); Alan
22 Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th
23 Cir. 1988). Factors that may be considered by courts in
24 exercising discretion as to the entry of a default judgment and
25 as to setting aside a default include the nature and extent of
26 the delay, Draper v. Coombs, 792 F.2d 915, 924-925 (9th Cir.
27 1986); the possibility of prejudice to the plaintiff, Eitel v.
28 McCool, 782 F.2d 1470, 1471-72 (9th Cir.1986); the merits of

2

plaintiff's substantive claim, id.; the sufficiency of the
allegations in the complaint to support judgment, Alan Neuman
Productions, Inc., 862 F.2d at 1392; the amount in controversy,
Eitel v. McCool, 782 F.2d at 1471-1472; the possibility of a
dispute concerning material facts, id.; whether the default was
due to excusable neglect, id.; and, the strong policy underlying
the Federal Rules of Civil Procedure that favors decisions on the
merits, id.

        With respect to default judgments in proceedings that are in
rem actions for forfeiture, both the general Federal Rules of
Civil Procedure and the Supplemental Rules for Certain Admiralty
and Maritime Claims (Supp. R.) apply, but the latter rules
prevail if there is an inconsistency. Supp. R. A(1). Supp. R.
G(1) provides that the rule governs a forfeiture action in rem
arising from a federal statute; to the extent that Rule G does
not address an issue, Supp. Rules C and E also apply.
Supplemental Rule G, which took effect on December 1, 2006,
incorporates a common-sense approach to notice grounded in
defined and recognized principles of due process of law. Supp.
Rule G, Adv. Comm. Note on 2006 Adoption. The Advisory Committee
Note indicates that the rule was added to bring together the
central procedures governing civil forfeiture actions; it also
states that the rule generally applies to actions governed by the
Civil Asset Forfeiture Reform Act of 2000 (CAFRA) as well as
those excluded from it; thus, the intended scope of application
is very broad. The rule permits flexibility as to the time of
service of any warrant and supplemental process. Id. The
provisions for notice incorporate the traditional means of

3

1  publication and adopt the general principle that notice should be
2  effectuated by means reasonably calculated to reach potential
3  claimants at a cost reasonable in the circumstances, and actual
4  notice precludes a challenge to the government's failure to
5  comply with the specific requirements of the rule set forth in
6  Rule G (4)(b). <u>Id.</u>

7      III. <u>Notice</u>

8          A. <u>Publication</u>

9      Supplemental Rule G(4)(a) provides that a judgment of
10 forfeiture may be entered only if the government has published
11 notice of the action within a reasonable time after filing the
12 complaint or at a time the court orders. The rule sets forth the
13 required contents of the notice, frequency of publication, and
14 means of publication.

15     Here, the amended declaration of publication of paralegal
16 Elisa M. Rodriguez filed on July 9, 2009 (Doc. 28) establishes
17 that a notice with the required contents was published on the
18 official government internet site for thirty consecutive calendar
19 days. Thus, the Plaintiff has demonstrated publication that is
20 sufficient pursuant to Supplemental Rule G(4)(a).

21         B. <u>Notice to Known Potential Claimants</u>

22     Supplemental Rule G(4)(b) provides that the government must
23 send notice of the action and the complaint to any person who
24 reasonably appears to be a potential claimant; the rule specifies
25 the content, means, and time of the notice, and it expressly
26 provides that a potential claimant who had actual notice of a
27 forfeiture action may not oppose or seek relief from forfeiture
28 because of the government's failure to send the required notice.

1    Here, pursuant to a warrant of arrest, the Defendant

2 currencies were arrested on or about November 3, 2008. (Docs. 4,

3 6-7.)

4    The Marshal's certifications establish that Rafael C. Rivera

5 and Mario Chavez Cabrera were personally served with the

6 pertinent documents on November 13, 2008. (Doc. 8.)

7    Four attempts at personal service were made with respect to

8 Peter Halamandaris, and an ineffectual attempt at substituted

9 service was also made. Thereafter, Halamandaris received actual

10 notice by receiving the requisite documents by certified mail on

11 or about January 13, 2009. (Decl. of Elisa Rodriguez in support

12 of request to clerk for entry of default against Peter

13 Halamandaris [Doc. 17, attchmt. 2], ¶7, Ex. C.)

14    With respect to the notice required by Local Rule A-540, the

15 complaint reveals that although a cashier's check from

16 Halamandaris was given to a confidential source for cocaine, the

17 check was in the custody of Rivera, who gave it to the

18 confidential source in the presence of Cabrera; Halamandaris was

19 not present. (Doc. 1, ¶ 11.) Therefore, pursuant to Local Rule A-

20 540(a)(4), Halamandaris was not a person who had custody of the

21 property prior to its possession by law enforcement agents.

22 Therefore, notice to Halamandaris by certified mail, return

23 receipt requested, was sufficient. Local Rule A-540(a)(4).

24    Accordingly, it appears that the three individuals received

25 actual notice of the proceeding.

26    The Court concludes that Plaintiff has demonstrated that it

27 has given notice by publication and the notice required to be

28 given to potential claimants by Rule G(4).

C. <u>Notice of Judgment Sought and of Motion for Default Judgment</u>

1. <u>Judgment Sought</u>

The Court concludes that the notice given of the judgment sought satisfied Fed. R. Civ. P. 55(d) and 54(c), which require that a judgment by default shall not be different in kind from the relief sought, or exceed in amount that prayed for, in the demand for judgment. Plaintiff expressly sought in the complaint the types of relief sought by the instant application for default judgment, including a judgment of forfeiture of the Defendant currency and check to the Plaintiff United States. (Cmplt. p. 5, ll. 20-21.)

2. <u>Motion for Default Judgment</u>

The application for default judgment before the Court was filed on an ex parte basis and thus was not served on the Defendant property or on any persons who might reasonably appear to be potential claimants.

Fed. R. Civ. P. 55(b)(2) requires written notice of an application for default judgment be served at least three days prior to the hearing on a defaulting party, or a representative thereof, who has appeared in the action. An appearance for the purpose of Rule 55 need not be a formal one and may consist even of informal contacts made by the defaulting party where the defaulting party demonstrates a clear purpose to defend the suit. <u>In re Roxford Foods v. Ford</u>, 12 F.3d 875, 879-81 (9th Cir. 1993).

Here, the declarations reveal no indicia of any formal appearance or of informal contacts by anyone who might reasonably appear to be a potential claimant. Accordingly, no notice is

1  necessary.

2      IV. <u>Default and Entry of Default</u>

3      The declarations and the Court's docket demonstrate that no
4  person or entity made a claim or answered the complaint within
5  the requisite thirty-day period for filing a claim of 18 U.S.C. §
6  983(a)(4)(A) and Supp. R. G(5), and/or within the twenty-day
7  period set forth in Supp. R. G(5) for filing an answer
8  thereafter. Therefore, the Clerk appropriately entered the
9  defaults of potential claimants Rafael C. Rivera and Mario Chavez
10 Cabrera on December 31, 2008, and of potential claimant Peter
11 Halamandaris on February 25, 2009.

12      V. <u>Legal Sufficiency of the Complaint</u>

13          A. <u>Legal Standards</u>

14      A default judgment generally bars the defaulting party from
15 disputing the facts alleged in the complaint, but the defaulting
16 party may argue that the facts as alleged do not state a claim.
17 <u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1392.
18 Thus, well pleaded factual allegations, except as to damages, are
19 taken as true; however, necessary facts not contained in the
20 pleadings, and claims which are legally insufficient, are not
21 established by default. <u>Cripps v. Life Ins. Co. of North America,</u>
22 980 F.2d 1261, 1267 (9th Cir. 1992); <u>TeleVideo Systems, Inc. v.</u>
23 <u>Heidenthal</u>, 826 F.2d 915, 917 (9th Cir. 1987).

24      Under the Civil Asset Forfeiture Reform Act (CAFRA), which
25 applies to this case, the government must prove by a
26 preponderance of evidence that the property is subject to
27 forfeiture. 18 U.S.C. § 983(c)(1). Further, if the government's
28 theory of forfeiture is that the property was used to commit or

1  facilitate the commission of a criminal offense, or was involved
2  in the commission of a criminal offense, the government shall
3  establish that there was a substantial connection between the
4  property and the offense. § 983(c)(3).

5      Supp. Rule G(2) requires that the complaint in a forfeiture
6  action in rem arising from a federal statute be verified; state
7  the grounds for subject-matter jurisdiction, in rem jurisdiction
8  over the Defendant property, and venue; describe the property
9  with reasonable particularity; identify the statute under which
10  the forfeiture action is brought; and state sufficiently detailed
11  facts to support a reasonable belief that the government will be
12  able to meet its burden of proof at trial.

13          B.  The Complaint

14      The complaint filed in this action was verified. (Cmplt. p.
15  6.)

16      The bases for jurisdiction are identified as 28 U.S.C. §§
17  1345 and 1355 (jurisdiction of civil proceedings commenced by the
18  United States or an agency or officer thereof, and of actions to
19  recover or enforce penalties or forfeitures under acts of
20  Congress, respectively) and 21 U.S.C. § 881 (subjecting to
21  forfeiture all controlled substances manufactured, distributed,
22  dispensed, or acquired in violation of the subchapter, as well as
23  all money used or intended to facilitate any violation or
24  furnished in exchange therefor or constituting proceeds traceable
25  thereto). (Cmplt. ¶¶ 1, 3.)

26      The bases of venue are identified as 28 U.S.C. § 1395
27  (placing venue for a civil forfeiture proceeding where the
28  property is found) and 21 U.S.C. § 881(j) (placing venue where

1  there is found the owner of property who is charged with a

2  violation that is the basis for forfeiture of the property or

3  where the criminal prosecution is brought). (Cmplt. ¶ 4.)

4       The property is described with reasonable particularity.

5       It is stated that the Plaintiff United States proceeds

6  pursuant to 21 U.S.C. § 881(a)(6), and that the Defendant

7  currency and check, seized in June 2008 in Fresno, California,

8  constitute money or other things of value furnished or intended

9  to be furnished in exchange for a controlled substance of listed

10 chemical, proceeds traceable to such an exchange, and/or money

11 used or intended to be used to facilitate one or more violations

12 of 21 U.S.C. § 841 et seq. (Cmplt. ¶¶ 1-2.)

13      In the complaint there are alleged sufficiently detailed

14 facts to support a reasonable belief that the government would be

15 able to meet its burden of proof at trial. It is alleged that the

16 Defendant assets were taken in to the custody of United States

17 Marshals on June 24, 2008, during a pre-arranged, attempted

18 purchase of cocaine by the known potential claimants, Rivera,

19 Cabrera, and Halamandaris, from a confidential source who was

20 cooperating with the government. (Cmplt. ¶ 2.) The $20,000 in

21 currency was given to the confidential source by Rivera, who

22 authorized the confidential source to take it from a vehicle that

23 Rivera and Cabrera had traveled in to reach the locus of the

24 transaction. A cashier's check from Halamandaris for $20,000.00

25 was handed by Rivera to the confidential source as well. (Complt.

26 ¶ 11.) About two weeks before the planned exchange, the

27 confidential source had shown a substantial amount of cocaine to

28 Rivera, and Rivera had sent the confidential source text messages

to the effect that Rivera had $50,000.00 to buy three kilograms
of cocaine, and that Halamandaris was ready to sign a loan
document against a club he owned for the purchase of an
additional sixty kilograms of cocaine. (Cmplt. ¶¶ 8-9.)

These facts support a reasonable inference that the large
sum of cash and the cashier's check were subject to forfeiture as
proceeds, as money intended to be exchanged for controlled
substances, and/or as money used or intended to be used to
facilitate other violations involving controlled substances.
Because of the amount of funds involved and the context of the
negotiations demonstrated by the evidence, Plaintiff has shown a
substantial connection between the property and the offenses of
conspiracy to distribute cocaine and to possess cocaine with the
intent to distribute it.

VI. <u>Status of Potential Claimants and Discretionary Factors</u>

Here, no one has claimed an interest in the Defendant
property or otherwise responded to the complaint despite adequate
notice. It does not appear that there is any risk of mistake or
excusable neglect on the part of anyone with a potential interest
in the property or of a dispute as to a material fact essential
to the government's case. No just cause for delay appears. It is
apparent from the declarations submitted to the Court that none
of the potential claimants is an infant, incompetent, or member
of the armed services. There does not appear to be any reason why
the general policy in favor of a decision on the merits would
warrant refusing to enter the requested default judgment.

Accordingly, the Court finds that Plaintiff has shown its
entitlement to a default judgment of forfeiture.

10

1    VII. <u>Form of the Judgment</u>

2        A successful plaintiff in a forfeiture action is entitled to

3    a judgment against the property, <u>Waterloo Distilling Corp. v.</u>

4    <u>U.S.</u>, 282 U.S. 577, 581 (1931), affecting the interests of all

5    persons in the property, <u>Hanson v. Denkla</u>, 357 U.S. 235, 246 n.12

6    (1958).

7        VIII. <u>Recommendation</u>

8        Accordingly, it is hereby RECOMMENDED that:

9        1. Plaintiff's motion for default judgment be GRANTED;

10       2. Plaintiff is entitled to, and the Clerk be directed to

11   enter, a judgment that:

12           (a) The interest/s of Rafael C. Rivera, Mario Chavez

13   Cabrera, and Peter Halamandaris in the Defendant property are

14   CONDEMNED and FORFEITED to the United States of America; and

15           (b) The right, title, and interest of all potential

16   claimants in the Defendant property, including but not limited to

17   Rafael C. Rivera, Mario Chavez Cabrera, and Peter Halamandaris,

18   are FORFEITED to the United States of America pursuant to 21

19   U.S.C. § 881(a)(6), and are VESTED in the United States; and,

20           (c) All persons claiming any right, title, or interest

21   in or to the Defendant property have DEFAULTED and no longer have

22   any right, title, or interest in the Defendant property

23   whatsoever; and,

24       3. The Clerk of Court ENTER final judgment of forfeiture for

25   Plaintiff United States of America.

26       These findings and recommendation are submitted to the

27   United States District Judge assigned to the case, pursuant to

28   the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of

11

1   the Local Rules of Practice for the United States District Court,
2   Eastern District of California. Within **thirty (30) days** after
3   being served with a copy, any party may file written objections
4   with the court and serve a copy on all parties. Such a document
5   should be captioned "Objections to Magistrate Judge's Findings
6   and Recommendation." Replies to the objections shall be served
7   and filed within ten (10) <u>court</u> days (plus three days if served
8   by mail) after service of the objections. The Court will then
9   review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
10  (b)(1)(C). The parties are advised that failure to file
11  objections within the specified time may waive the right to
12  appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
13  1153 (9th Cir. 1991).

14

15  IT IS SO ORDERED.

16  **Dated:    October 22, 2009           /s/ Sandra M. Snyder**
                                         UNITED STATES MAGISTRATE JUDGE